# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

Salvador Martinez-Ortega

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR-18-1126-01-PHX-DJH (BSB)

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed
　☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
　☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
　☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
　☐ an offense involving a minor victim prescribed in ___.[1]

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

# PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☐ (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

  ☒ The defendant is not a citizen of the United States.

  ☐ The defendant, at the time of the charged offense, was in the United States illegally.

  ☐ The defendant has no significant contacts in the United States or in the District of Arizona.

  ☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

  ☐ The defendant has a prior criminal history.

  ☐ The defendant lives and works in Mexico.

  ☐ The defendant is an amnesty applicant but has no substantial ties in Arizona or in the United States and has substantial family ties to Mexico.

  ☐ There is a record of prior failure to appear in court as ordered.

  ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

  ☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of ___.

☐ The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ In addition:
<u>The Court previously released Defendant on August 7, 2018, finding there were conditions that would reasonably assure his presence in this Court. It is undisputed Defendant has strong ties to the United States. One of his release conditions was that he "contest any voluntary removal or deportation from the immigration court." On August 22, 2018, "Defendant's application for voluntary departure was granted" by the immigration court. That day, the government in this case moved to re-open Defendant's detention proceedings. (Doc. 11.) On August 30, 2018, Defendant objected to re-opening the proceedings and moved to have Defendant released. (Doc. 17.) The Court re-opened the proceedings, finding sufficient evidence Defendant violated the Court's release order. (Defendant does not contest that he requested voluntary departure in the immigration courts.) The Court finds that it had the authority to impose a release</u>

<u>condition that Defendant not voluntarily depart the United States. The Court routinely orders individuals not to leave the United States.  The Court finds that Defendant made a voluntary choice to depart the United States.  There is no evidence from either party that Defendant had other choices in the immigration courts. Whether he had the option for a bond hearing, expedited removal, dismissal, or other choices in the immigration courts has not been presented here. The options for any specific Defendant are varied, likely complicated, and should not be presumed by this Court. If Defendant had been removed from the United States by the executive branch, he would not be in violation of the Court's orders. But here, the record reflects his choice for "voluntary departure" from the United States. Having chosen to voluntarily leave the United States, the Court concludes that he is now a flight risk despite his strong ties to this country. Defendant shall be detained as a flight risk. Note: the Court has reviewed United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167 (D. Ore. 2012) but finds that case inapposite because there is no record that Trujillo-Alvarez chose to voluntarily depart the United States.</u>

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

Dated this 4th day of September, 2018.

Honorable John Z. Boyle
United States Magistrate Judge

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 4th day of September, 2018.

Honorable John Z. Boyle
United States Magistrate Judge